## Sabo v. Springfield Coal Corporation.

*Walter E. Glass,* for appellant; *Francis E. Dunn,* for appellee.

McKENRICK, J., May 27, 1930. — The case comes into this court upon an appeal from a decision of the Workmen's Compensation Board affirming the findings of fact and conclusions of law and the order made by the referee.

Claimant, a coal miner, was injured while working for defendant company and received full compensation for total disability at the rate of $15 per week. On Nov. 28, 1928, claimant returned to work for the same employer, at a different employment, that of greasing cars and helping the blacksmith. For this work he received 39¾ cents per hour. On this job he worked for about four months.

Beginning May 16, 1929, claimant reëntered the mines as a coal miner and earned about $25 per week. Due to his injury he was not able to work every day at mining coal.

He then petitioned to have the final receipt set aside and the agreement reinstated and modified to provide for compensation for partial disability.

Upon hearing, the referee found as a fact that claimant was suffering a partial disability of about 50 per cent. and that such disability existed from Nov. 28, 1928, up to and including June 5, 1929, when the disability ceased.

The referee made an order allowing compensation from Nov. 28, 1928, to June 5, 1929, a period of twenty-seven weeks, at the rate of $7.50 per week, which is 50 per cent. of the maximum allowable for partial disability.

The agreed weekly wages of the claimant amounted to $49.44 at the time of his injury. After claimant returned to work and during the period for which he claims partial disability his earnings were not more than $25 per week, or a difference of $24.56 per week.

We believe the referee erred in computing the amount of weekly compensation due the claimant. Section 309 of article III of the Compensation Act, as

amended by the Act of June 26, 1919, § 3, P. L. 642, provides as follows: "The term wages . . . shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident."

The Act of April 13, 1927, § 1, P. L. 186, provides as follows: "For disability partial in character (except the particular cases mentioned in clause c), sixty-five per centum of the difference between the wages of the injured employee, as defined in section 309, and the earning power of the employee thereafter; but such compensation shall not be more than fifteen dollars per week."

The amount of compensation is not determined by the percentage of disability, which in this case was 50 per cent. The plain meaning of the act is that the employee is entitled to 65 per cent. of the difference between his wages at the time of the accident, which were $49.44 per week, and his earning power thereafter, which was $25 per week. Exactly calculated, 65 per cent. of the difference between $49.44 and $25 is $15.96. The Compensation Act limits compensation for partial disability to $15 per week, and the claimant cannot receive more. The order of the referee should have provided for compensation for partial disability at the rate of $15 per week, beginning Nov. 28, 1928, and ending June 5, 1929, a period of twenty-seven weeks, or a total amount of $405.

The fifth exception is sustained, and we, therefore, remit the record to the Workmen's Compensation Board for proceedings in accordance with this opinion.

From Henry W. Storey, Jr.. Johnstown, Pa.